DISCIPLINARY COUNSEL *v.* TRAVIS.

[Cite as *Disciplinary Counsel v. Travis,*
101 Ohio St.3d 322, 2004-Ohio-785.]

(No. 2003–1533—Submitted October 20, 2003—Decided March 10, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Christopher T. Travis of Lebanon, Ohio, Attorney Registration No. 0067699, was admitted to the Ohio bar in 1997. On October 7, 2002, relator, Disciplinary Counsel, filed a complaint charging respondent with 28 counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline heard the cause, including the parties' comprehensive stipulations as to the charged misconduct and underlying facts, and made findings of fact, conclusions of law, and a recommendation.

{¶ 2} The parties stipulated that from June 1998 until November 2001, respondent accepted 27 court appointments to represent clients before the Twelfth District Court of Appeals in appeals of the judgments against them. Twenty-seven of the 28 counts in relator's complaint arose from these cases. The other count arose from an appeal that a client hired respondent to pursue.

{¶ 3} The panel found, as stipulated, that respondent failed to file a brief in 23 of these 28 cases and that this resulted in the dismissal of 21 appeals and the appointment of new counsel in the other two appeals. The remaining five appeals were dismissed for respondent's failure to file the trial court's record. Most of the neglected cases involved clients' appeals of criminal convictions, at least 12 of which were for felonies. Three cases were appeals of juvenile delinquency adjudications, and seven cases involved issues of child custody or other matters of family law.

{¶ 4} The panel found, consistent with the stipulations, that respondent had violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on an attorney's fitness to practice law) and 6–101(A)(3) (neglecting an entrusted legal matter) in connection with all 28 counts of misconduct. Also as stipulated, the panel found respondent in violation of DR 7–101(A)(3) (causing prejudice or

damage to client during representation) as to 14 counts, 11 of which involved appeals of clients' criminal appeals that were dismissed due to respondent's neglect, one of which involved the appeal of a client's delinquency adjudication that was dismissed for respondent's neglect, and two of which involved clients' criminal appeals for which new attorneys were appointed.

{¶ 5} In recommending a sanction for this misconduct, the panel considered mitigating and aggravating factors in accordance with Section 10 of the Rules and Regulations Governing Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Reg."). The parties stipulated that respondent's neglect constituted multiple offenses and a pattern of misconduct, BCGD Reg. 10(B)(1)(c) and (d), but also that respondent had expressed remorse for his misconduct, had no prior disciplinary record, and had cooperated fully in the disciplinary proceeding. The parties also stipulated that respondent's lack of compensation for his court appointments to be extenuating; however, the panel found that respondent did no work for which he should have been paid.

{¶ 6} In addition, respondent testified to having tried in March 2002 to reduce his caseload to a more manageable level, and the parties additionally stipulated that he stopped taking appellate appointments in August 2001. Moreover, the parties agreed that in 26 of the neglected appeals, trial counsel failed to provide adequate "appeal notice paperwork," which contributed to respondent's neglect. Respondent apparently also found no appealable errors in five of the appointment cases; however, the panel found this of little mitigating effect because he did not review the trial court record before making these assessments and did not advise his clients accordingly, withdraw as counsel, or dismiss the appeals. The panel further found that respondent was eventually able to secure some driving privileges for one of his clients and obtain a retroactive order dismissing the delinquency judgment against another client.

{¶ 7} The rest of the findings concerned respondent's personal hardships during the events at issue and his subsequent diagnosis with several psychological disorders. In November 1999, respondent's wife was diagnosed with a serious medical condition. Respondent has been undergoing regular treatment with a clinical psychologist for his own problems, which may have been exacerbated by his wife's pregnancy and the possibility that their child's health might suffer because of her infirmity. Respondent has since continued his psychological therapy, including medication, for his various disorders. In April 2003, he contacted the Ohio Lawyers Assistance Program ("OLAP") and is also participating in that treatment program.

{¶ 8} The parties jointly suggested that respondent's license be suspended for one year, but that six months of this sanction be stayed on the conditions, in effect, that respondent (1) continue with the course of treatment recommended by

his mental health professional and OLAP's recommendations concerning his mental health, and (2) complete six hours of continuing legal education in the management of a law practice and ethics. The panel rejected this stipulation as too lenient, in part because respondent asserted his lack of any selfish motive, but testified that when Butler County ran out of funds for appointed attorneys, he stopped working on his appointment cases and concentrated on those of paying clients. The panel also found that respondent did not sufficiently establish the causal connection between his psychological disorders and his misconduct.

{¶ 9} The panel recommended that respondent be suspended from the practice of law for two years, but that one year of this sanction be stayed on the conditions suggested by the parties. The board adopted the panel's findings of misconduct and recommendation.

{¶ 10} In determining the appropriate sanction for attorney misconduct, we consider "the duties violated, the actual injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We agree that respondent violated DR 1–102(A)(6), 6–101(A)(3), and 7–101(A)(3), as found by the board, and that he thereby compromised his duty to the legal system and acted to the serious detriment of his clients. Moreover, we agree that respondent's psychological disorders did not contribute to his acknowledged misconduct, and we concur in the board's assessment of the other factors respondent offered in mitigation.

{¶ 11} An attorney's neglect of even one client's affairs is untenable, and respondent abandoned matters entrusted by 28 clients. In a similar case, when an attorney neglected four clients' cases in multiple respects and ignored the disciplinary proceedings brought against him, we ordered a sanction similar to the one recommended today—a two-year suspension, with the second year stayed on the condition that the attorney completed six hours of CLE in law office management. *Disciplinary Counsel v. Kelley* (2001), 93 Ohio St.3d 409, 755 N.E.2d 338. We rejected the indefinite suspension recommended at that time by the board because mitigating circumstances warranted a lesser sanction.

{¶ 12} Here, respondent was comparatively new to the legal profession and practicing on his own when he committed his disciplinary infractions. Moreover, when charged with the misconduct, he accepted complete responsibility. Respondent also took steps, including consultation with experts, to assure that he would not repeat the misconduct. Moreover, for mitigating reasons already discussed, the board has not recommended a more onerous sanction.

{¶ 13} Accordingly, we adopt the sanction recommended by the board. Respondent is suspended from the practice of law in Ohio for two years; however, the second year of this sanction is stayed on the conditions that respondent (1)

continue to comply with his treating mental health professional's course of treatment and OLAP's recommendations concerning his mental health, and (2) complete six hours of continuing legal education in ethics and the management of a law practice.  If respondent fails to comply with these conditions, the stay of his suspension shall be lifted and respondent shall serve the entire two-year suspension period.  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Charles M. Conliff, for respondent.