ERIE-HURON GRIEVANCE COMMITTEE *v.* STOLL.

[Cite as *Erie-Huron Grievance Commt. v. Stoll*,

127 Ohio St.3d 290, 2010-Ohio-5985.]

*Attorneys — Misconduct — Neglecting entrusted legal matter — Failing to act with reasonable diligence and promptness — Two-year suspension, one year stayed, on conditions.*

(No. 2010-1217 — Submitted October 13, 2010 — Decided December 14, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-085.

_____

**Per Curiam**.

{¶ 1} Respondent, Thomas John Stoll of Norwalk, Ohio, Attorney Registration No. 0064191, was admitted to the practice of law in Ohio in 1994. In September 2009, relator, Erie-Huron Grievance Committee, filed a 22-count complaint charging respondent with violations of the Code of Professional Responsibility and the Ohio Rules of Professional Conduct. Twenty-one of those counts arose from respondent's representation of 21 different clients in probate and guardianship proceedings in the Huron County Common Pleas Court. In each instance, respondent failed to file necessary documents, despite repeated requests from that court. Count 22 involved a similar failure to file in bankruptcy court.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline found that respondent had committed the misconduct alleged and recommended that respondent be suspended from the practice of law in Ohio for two years, with one year stayed, on the condition that reinstatement be contingent upon respondent's (1) providing medical evidence establishing his ability to ethically and competently practice law, (2) maintaining his contract with the Ohio

Lawyers Assistance Program ("OLAP"), and (3) serving a two-year probation period after reinstatement with a monitor to be selected by relator. The board, in turn, adopted the panel's report as its own. Respondent filed objections to the board's report, urging us to stay the entire two-year suspension based upon the mitigation evidence presented. For the reasons to follow, we overrule respondent's objections and adopt the board's findings of fact, conclusions of law, and recommended sanction.

**Misconduct**

{¶ 3}  At his hearing before the panel, respondent stipulated to the misconduct alleged. In counts 2 through 21, respondent was retained by separate clients in estate proceedings before the Probate Division of the Huron County Common Pleas Court between 1998 and 2007.  Respondent admitted that in each case, he did not file the documents necessary to close those estates despite repeated requests from the court in each instance to do so.

{¶ 4}  Counts 1 and 22 also arose from respondent's failure to file documents. Count 1 states that respondent was retained in June 2007 to file an accounting in a guardianship matter.  Respondent stipulated that he did not file that account or seek an extension of time to do so, despite repeated requests by the court.  Count 22 states that respondent initiated an adversary proceeding in bankruptcy court in 2005 for his client. A settlement was eventually proposed and accepted, but respondent did not submit the settlement entry for approval, which led to the dismissal of the case and prejudice to his client.

{¶ 5}  The panel found that in each of the estate matters (counts 2 through 21), respondent had neglected a legal matter entrusted to him.  Accordingly, violations of DR 6-101(A)(3) were found in each count, and because the misconduct began before February 1, 2007, and continued thereafter, the board found them to be continuing violations.  A violation of DR 6-101(A)(3) was also found in count 22, where respondent's lack of diligence and neglect resulted in

the dismissal of his client's bankruptcy case. Finally, in the count 1 guardianship matter, respondent's failure to file a requested accounting was found to constitute a violation of Prof.Cond.R. 1.3.

**{¶ 6}** The board adopted the panel's findings of misconduct, as do we.

## Sanction

**{¶ 7}** In recommending a sanction for this misconduct, the board considered whether any of the mitigating and aggravating factors listed in Section 10(b) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") applied. The board found two aggravating factors: (1) a pattern of misconduct extending for more than ten years (BCGD Proc.Reg. 10(B)(1)(c)), and (2) multiple offenses involving 20 or more clients (BCGD Proc.Reg. 10(B)(1)(d)).

**{¶ 8}** In mitigation, respondent attempted to attribute his misconduct to poor overall physical health and depression. Respondent presented no testimony from a medical professional as to the former, but at the request of the panel, submitted records of medical treatment by his family doctor since 1998. These records showed sporadic visits for assorted ailments and general malaise over the years, but they did not substantiate an ongoing chronic condition as respondent seemed to imply.

**{¶ 9}** Respondent also testified that he had suffered from depression and anxiety for several years. Respondent did not, however, present any evidence that he had ever been diagnosed or treated for these conditions. Instead, respondent presented the testimony of an OLAP counselor, Megan R. Snyder, M.S.W., L.I.S.W. She stated that respondent had initially contacted OLAP just days before the panel hearing. She further stated that respondent did suffer from depression and anxiety, but she did not render an opinion as to whether respondent's depression and anxiety actually contributed to his neglect of the legal matters

entrusted to him over the time period in question. Snyder's June 10, 2010 follow-up letter also offered no opinion in that regard, but did state that respondent was complying with his OLAP contract. Respondent testified that his emotional condition interfered almost exclusively with his estate practice, which, by his own admission, constituted only 20 percent of his practice. Thus, the majority of his case load was unaffected by his emotional condition.

{¶ 10} The board was also concerned by respondent's inability to halt his ongoing neglect of the cases cited in the complaint, despite repeated attempts by the probate court to assist him. The Huron County probate and juvenile judge testified that in the fall of 2006, he had the first of eight meetings with respondent to "motivate [respondent] to complete the work that he was behind on." Each month, the judge would meet with respondent and review a spreadsheet of cases in which he was tardy in filing certain pleadings. The judge testified that each month, respondent "would invariably indicate to me that he was very close to completing a certain case or closing out a certain case," but that was rarely true.

{¶ 11} Ultimately, the board did not explicitly find respondent's depression and anxiety to be factors in mitigation. It did, however, find three other factors in mitigation: (1) absence of a prior disciplinary record, (2) a cooperative attitude toward the proceedings, and (3) respondent's overall reputation (BCGD Proc.Reg. 10(B)(2)(a),(d), and (e)). The board also noted that respondent acknowledged the wrongfulness of his conduct and expressed remorse for his actions.

{¶ 12} The board recommended a two-year suspension from the practice of law, with one year stayed, and reinstatement contingent upon three conditions: (1) respondent's submission of medical proof establishing his ability to competently and ethically practice law, (2) his continued compliance with his OLAP contract, and (3) his successful completion of a two-year probation period

4

after reinstatement under the supervision of a monitor to be appointed by relator. Respondent, however, seeks to have the entire two-year suspension stayed.

{¶ 13} We adopt the board's recommendation, as well as its findings of fact and conclusions of law. In adopting the board's proposed sanction, we rely on two decisions. In *Disciplinary Counsel v. Bowman,* 110 Ohio St.3d 480, 2006-Ohio-4333, 854 N.E.2d 480, we considered the appropriate sanction for an attorney who, as here, suffered from depression and was participating in the OLAP program. We held that an actual suspension from the practice of law with conditions for reinstatement was warranted "in order to protect the public and to ensure that respondent is able to successfully manage his illness." Id. at ¶ 39. We reached the same result more recently in *Columbus Bar Assn. v. Ellis*, 120 Ohio St.3d 89, 2008-Ohio-5278, 896 N.E.2d 703.

{¶ 14} Respondent is hereby suspended from the practice of law in Ohio for two years, with one year stayed. Reinstatement is conditioned on (1) respondent's submission of medical proof establishing his ability to competently and ethically practice law and (2) his continued compliance with his OLAP contract. Upon reinstatement, respondent must undergo a two-year probation period under the supervision of a monitor to be appointed by relator. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Richard B. Hauser, Certified Bar Counsel, for relator.

Thomas J. Stoll, pro se.

_____