STARK COUNTY BAR ASSOCIATION *v.* MARINELLI.

[Cite as *Stark Cty. Bar Assn. v. Marinelli,*
144 Ohio St.3d 341, 2015-Ohio-2570.]

(No. 2014–0971—Submitted February 4, 2015—Decided July 1, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Deborah Marie Marinelli of North Canton, Ohio, Attorney Registration No. 0074193, was admitted to the practice of law in Ohio in 2001.

{¶ 2} In a December 2013 amended complaint, relator, Stark County Bar Association, charged Marinelli with nearly 200 violations of the Professional Conduct Rules arising from her alleged abandonment of bankruptcy matters for 23 clients. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors, and submitted stipulated exhibits. As part of the stipulation agreement, relator agreed to withdraw more than 60 alleged rule violations.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline[1] conducted a hearing and issued a report, finding that Marinelli's conduct constituted more than 95 violations of the Professional Conduct Rules—related to her failing to provide competent representation, failing to act with reasonable diligence, failing to reasonably communicate with her clients about the status of their legal matters, failing to promptly refund unearned fees, and knowingly failing to respond to a demand for information by a disciplinary authority during an investigation—and recommending that we dismiss more than 90 alleged violations (including those that relator had agreed to withdraw) as being unsupported by the evidence. On these findings, the panel recommended that Marinelli be suspended for two years with the second year stayed on stringent conditions and that she be required to serve a two-year period of monitored probation upon reinstatement to the practice of law. The board adopted the panel's findings and recommendations. No objections have been filed.

{¶ 4} The board's findings of fact and conclusions of law are supported by clear and convincing evidence, and therefore, we adopt them. We also agree with the board's recommended sanction, and we suspend Marinelli from the practice of law for two years with the second year stayed on conditions and order her to serve a two-year period of monitored probation upon her reinstatement to the practice of law.

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

## Misconduct

{¶ 5} All of the 23 counts charged in the complaint involved clients who retained Marinelli to handle their personal bankruptcy matters. Regarding the clients in 20 of the counts, she did not file a bankruptcy petition on the clients' behalf (Counts One through Ten, Count Twelve, Count Fourteen, and Counts Sixteen through Twenty–Three). In many of those cases, the clients had made payments toward the quoted retainer and required filing fee. Some of them had paid those fees in full and provided all of the information necessary for Marinelli to prepare their bankruptcy petitions.

{¶ 6} In late 2012, after her husband filed for divorce, Marinelli stopped communicating with clients, stopped going to her law office, and stopped paying her office rent. Her landlord served her with an eviction notice in March 2013, and before the eviction process was complete, relator took possession of her client files pursuant to Gov.Bar R. V(8)(F) (now Gov.Bar R. V(26)(A)). At the panel hearing, Marinelli produced cashier's checks made payable to each of the 20 clients from whom she had received payments but never filed a bankruptcy petition. Those checks were distributed to the clients after the hearing and constituted a full refund of all payments received from them.

{¶ 7} The board adopted the parties' stipulations of fact and found that Marinelli had committed 20 violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 20 violations of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 20 violations of Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 20 violations of Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), three violations of Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 17 violations of Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation).

{¶ 8} The board recommends that we dismiss the remainder of the violations alleged in the complaint—some of which relator had agreed to withdraw and others that, although Marinelli stipulated to having committed, the board found had not been established by sufficient evidence. That recommendation includes the dismissal of all the violations alleged in Count Thirteen of the complaint.

## Sanction

{¶ 9} In determining what sanction to recommend to this court, the board considered the ethical duties the lawyer violated, the presence of aggravating and

mitigating factors listed in BCGD Proc.Reg. 10(B),[2] and the sanctions imposed in similar cases.

{¶ 10} Aggravating factors stipulated by the parties and found by the board include that Marinelli engaged in a pattern of misconduct involving multiple offenses, failed to cooperate in the disciplinary process, and caused harm to vulnerable clients. *See* BCGD Proc.Reg. 10(B)(1)(c), (d), (e), and (h). And in mitigation, the board found that Marinelli did not have a prior disciplinary record, did not act with a dishonest or selfish motive, and presented evidence of her good character and reputation apart from the charged misconduct. *See* BCGD Proc. Reg. 10(B)(2)(a), (b), and (e).

{¶ 11} Noting that Marinelli had kept her clients' money for several years without providing any significant legal services to them, disregarded relator's request for responses to numerous grievances filed against her, and had not yet begun counseling for her depression, the board declined to adopt several additional mitigating factors to which the parties had stipulated.

{¶ 12} The board noted that in *Mahoning Cty. Bar Assn. v. Pritchard,* 131 Ohio St.3d 97, 2012-Ohio-44, 961 N.E.2d 165, we indefinitely suspended an attorney who abandoned approximately 20 client matters while in deep depression triggered by marital problems. It distinguished Pritchard's conduct from that of Marinelli, however, on the grounds that some of his misconduct predated his depression, he continued accepting money from clients during his personal crisis, acted with a dishonest motive, and made no attempts at restitution.

{¶ 13} The board also cited, with approval, several cases in which we imposed partially stayed two-year suspensions on attorneys who committed misconduct while suffering from mental illness or substance abuse. Based on the number of violations that occurred when Marinelli abandoned her clients' matters and the fact that she had taken only the initial steps toward rehabilitation at the time of the panel hearing, the board found that the facts of this case most resembled those of *Erie–Huron Grievance Commt. v. Stoll,* 127 Ohio St.3d 290, 2010-Ohio-5985, 939 N.E.2d 166 (imposing a two-year suspension with the second year stayed on conditions on an attorney who neglected 22 legal matters that had been entrusted to him and who suffered from depression), and *Disciplinary Counsel v. Travis,* 101 Ohio St.3d 322, 2004-Ohio-785, 804 N.E.2d 969 (imposing a two-year suspension with one year stayed on conditions on an attorney who, while suffering personal hardships, neglected 28 cases, resulting in the dismissal of multiple criminal appeals and causing prejudice or damage to 14 separate clients).

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

{¶ 14} Recognizing that the primary purpose of the disciplinary process is not to punish the offender but to protect the public from lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship, the board here found that a two-year suspension with the final year stayed on stringent conditions and a two-year period of monitored probation will adequately protect the public.

{¶ 15} We adopt the board's recommendation and hereby suspend Deborah Marie Marinelli from the practice of law in Ohio for two years, with the second year stayed on the conditions that she (1) obtain counseling for her depression, enter into a mental-health contract with the Ohio Lawyers Assistance Program ("OLAP"), and comply with all recommendations of her counselor and the requirements of her OLAP contract, (2) provide a recommendation from her counselor, OLAP, or both, stating that she is fully competent to return to the practice of law, (3) establish an Interest on Lawyers Trust Account ("IOLTA") in accordance with Prof.Cond.R. 1.15, (4) comply with any and all mandatory continuing-legal-education requirements imposed by this court, (5) pay the costs of this action, and (6) engage in no further misconduct. If Marinelli fails to comply with these conditions, the stay will be revoked and she will serve the full two-year suspension. Upon reinstatement, Marinelli shall serve a two-year period of monitored probation, during which she must (1) continue to comply with the recommendations of her counselor and the requirements of any OLAP contract and (2) permit relator to monitor her IOLTA. Costs are taxed to Marinelli.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Richard S. Milligan, Bar Counsel; and Anthony W. Koukoutas, for relator.

Charles J. Kettlewell, L.L.C., and Charles J. Kettlewell, for respondent.