[Cite as *Jay Realty, L.L.C. v. J.P.S. Properties Diversified, Inc.*, 2026-Ohio-1192.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

JAY REALTY, L.L.C.,             :

      Plaintiff-Appellee/       :
      Cross-Appellant,

                        :         No. 115322

      v.

                        :

J.P.S. PROPERTIES DIVERSIFIED,
INC.,                       :

      Defendant-Appellant/   :
      Cross-Appellee.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-946236

---

### *Appearances:*

Tucker Ellis LLP, John P. Slagter, Anthony R. Vacanti, Lindsey E. Sacher, and Hannah M. Smith; Koblentz & Penvose, LLC, and Richard S. Koblentz, *for appellee/cross-appellant*.

Taft Stettinius & Hollister LLP, David H. Wallace, and Kelsey Hughes-Blaum, *for appellant/cross-appellee*.

SEAN C. GALLAGHER, J.:

{¶ 1} J.P.S. Properties Diversified, Inc. ("JPS"), and Jay Realty, L.L.C. ("Jay Realty"), each appeal from the trial court's judgment entry vacating a nunc pro tunc entry and reinstating a summary judgment in favor of Jay Realty that was overturned in *Jay Realty, LLC v. J.P.S. Properties Diversified, Inc.*, 2024-Ohio-2458, ¶ 51 (8th Dist.) ("*Jay Realty I*"). For the following reasons, we reverse the decision of the trial court and remand with instructions to enter judgment in favor of JPS upon all claims.

{¶ 2} The underlying facts of this case were succinctly described in *Jay Realty I* at ¶ 2-13. For the purposes of this appeal, it suffices that Jay Realty purchased an adjacent property ("the property") to one owned by Sedlak Interiors, a home furnishings business. *Id.* at ¶ 2. Sedlak is owned and operated by the owners of JPS. *Id.* The property, originally owned by JPS, was sold subject to a use restriction that generally precludes using the property for the "sale or rental of furniture, home furnishings, rugs, bedding, carpeting, mattresses, clocks, lamps, lighting fixtures, wallpaper, fabric, window treatments or household appliances (including refrigerators, freezers, ranges, washers, dryers, microwave ovens, televisions, or VCRs)," or operation of a large discount store. Jay Realty attempted to sell the property to another corporate entity that planned to develop an Amazon Fulfillment Center. *Id.* at ¶ 6. The cloud on the title preempted the sale and prompted Jay Realty to file the underlying litigation in an attempt to circumvent or sever the use restriction from its deed.

**{¶ 3}** In the complaint, Jay Realty asserted two causes of action: one to quiet title and a declaratory-judgment claim, both of which seek to declare the use restriction null and void or otherwise unenforceable. *Id.*

**{¶ 4}** Initially, the trial court granted summary judgment on both claims in Jay Realty's favor. *See id.* The trial court entered "a declaration that the use restriction at issue is not enforceable as to the parties' instant dispute" because "the plain language of the use restriction at issue does not apply to prohibit the use proposed by plaintiff's interested buyer." Shortly after issuing the final order, the trial court issued a nunc pro tunc entry maintaining the judgment in Jay Realty's favor on the declaratory judgment, declaring the use restriction to be inapplicable but finding in favor of JPS on the quiet-title count, concluding that the use restriction would not be severed from the deed. *Id.*

**{¶ 5}** Both parties appealed. The divided *Jay Realty I* panel vacated the nunc pro tunc order based on the substantive changes to the final judgment and reversed the trial court's decision granting summary judgment in favor of Jay Realty on both counts in the complaint. *Id.* at ¶ 51. The panel concluded that Jay Realty's claim to quiet title was legally defective because it asserted a merger claim based on authority only applicable to easements and not use restrictions; that the use restriction had not terminated as a matter of law; and that the use restriction precluded an Amazon Fulfillment Center from being built on the property and was enforceable by JPS as the original owner of the property. *Id.* at ¶ 32, 36, and 39.

{¶ 6} Following the remand from *Jay Realty I*, the trial court issued a final entry vacating the nunc pro tunc entry in partial compliance with the earlier mandate, but the court reinstated the granting of summary judgment in Jay Realty's favor on both counts. This timely appeal and cross-appeal followed.

{¶ 7} The parties agree that the trial court erred by reinstating the granting of summary judgment in Jay Realty's favor as a violation of the law of the case. *See Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2024-Ohio-5729, ¶ 20 ("[T]he trial court is bound by that appellate court's mandate."), citing *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). The previous panel concluded that the granting of summary judgment on either count of the complaint in favor of Jay Realty was in error. *Jay Realty I* at ¶ 51 (concluding that "the trial court erred in granting summary judgment to Jay Realty through its February 24, 2023 judgment entry"). The trial court lacked authority to countermand the appellate panel's decision by reinstating the final judgment. *See, e.g., Westgate Ford Truck Sales v. Ford Motor Co.,* 2014-Ohio-5429, ¶ 12-15 (8th Dist.) (trial court's decision granting a judgment notwithstanding the verdict, on the same issue for which an appellate panel concluded that a genuine issue of material fact existed, was in violation of the law of the case). The trial court's decision to reinstate the granting of summary judgment is, therefore, reversed.

{¶ 8} Although the parties agree the trial court erred, they disagree as to the scope of a remand. JPS, in its appeal, seeks a mandate directing the trial court to enter summary judgment in its favor because the result of *Jay Realty I* left no claims remaining. Jay Realty, on the other hand, in its cross-appeal claims the trial court erred by failing to conduct further proceedings "to have the remaining factual issues determined by the jury." According to Jay Realty, there is a factual question left unresolved of whether the use restriction "runs with the land."

{¶ 9} In the underlying complaint, Jay Realty asserted a claim for declaratory relief in Count 1, seeking to deem the use restriction null and void or, in the alternative, to declare that JPS cannot enforce the restriction. In Count 2, Jay Realty asserted a quiet-title claim to strip the use restriction from the title of the property. Both counts relied on the same factual or legal allegations asserted in the complaint, in which it is alleged that the use restriction (1) was terminated through merger of estates, complaint at ¶ 18, *but see Jay Realty I* at ¶ 32 (concluding that merger doctrine does not apply to use restrictions); (2) was unenforceable because it prohibited the owner from using the property for any purpose if that owner or occupier is engaged in the sale of furniture online or at another site, complaint at ¶ 19-21, *but see Jay Realty I* at ¶ 43 (the use restriction prohibits entities that sell or rent home furnishings from using the property in that manner, including services provided by the proposed Amazon Fulfillment Center); and (3) could only be enforced by Jay Realty, as the owner of the property, complaint at ¶ 22, *but see Jay Realty I* at ¶ 44 (concluding that JPS had the right

to enforce the use restriction because the restriction specifically stated that it "shall run with the land and shall be binding on and inure to the benefit of all parties having any rights, title, or interest" in the property).

{¶ 10} There are no other factual or legal allegations in the complaint, and in particular, *Jay Realty I* tacitly concluded that the use restriction would run with the land based on the panel's conclusion that JPS, as the original owner, had authority to enforce the restriction. *Id.* at ¶ 44. JPS's ability to enforce the use restriction for the benefit of the neighboring property following JPS's sale of the property necessarily means the restriction runs with the land. *See Stark Cty. Park Dist. v. Dickerhoof*, 2018-Ohio-4319, ¶ 62 (5th Dist.), quoting *Maasen v. Zopff*, 1999 Ohio App. LEXIS 3422, *3 (12th Dist. July 26, 1999) ("[I]n the context of property law, a 'covenant' denotes a contract that is either personal or 'runs with the land.'"). This is because, in general, "[r]estrictions running with the land are 'intended to limit the grantee's use of the land to specified purposes, with the object of protecting the interests of *all landowners* in the same allotment.'" (Emphasis added.) *Id.*, quoting *Stark Cty. Park Dist.* at ¶ 62.

{¶ 11} *Jay Realty I*, therefore, resolved all allegations advanced in the complaint. Notwithstanding, JPS did not assign error to the denial of its motion for summary judgment in that earlier appeal. *See generally Jay Realty I.* The sole focus was on the propriety of granting summary judgment in Jay Realty's favor. The panel's conclusion that Jay Realty's motion for summary judgment could not be granted necessitated a remand based on the appellate posture — JPS did not

request affirmative relief. Upon that remand, however, all that remained was to recognize that no claims in the complaint remained pending based on the law of the case.

{¶ 12} The final judgment entered by the trial court in Jay Realty's favor is reversed. In the interests of expediency, in light of the procedural posture of this case and the arguments presented, this matter is remanded for the sole purpose of entering judgment in JPS's favor based on the lack of any claims that remain pending following the earlier appeal.

{¶ 13} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
TIMOTHY W. CLARY, J., CONCUR