[Cite as *Bates v. Meranda*, 2016-Ohio-5749.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BRYAN W. BATES | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ZACHUARY MERANDA, ET AL. | : | Case No. 16-CA-28 |
| | : | |
| Defendants- Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 15CV1053


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 2, 2016


APPEARANCES:

For Plaintiff-Appellant      For Defendants-Appellees

BRYAN  BATES, Pro Se      RICK E. MARSH
P.O. Box 5500      ERIC S. BRAVO
Chillicothe, OH  45601      Two Miranova Place
     Suite 220
     Columbus, OH  43215

*Farmer, P.J.*

{¶1}   In May 2014, appellant, Brian Bates, hired appellees, Zachuary Meranda and the Meranda Law Firm, Ltd., to pursue a motion for judicial release on his behalf. Appellant was serving time in Chillicothe Correctional Institution.  Because appellant was incarcerated, he asked his sister, LaDonna Cordell, to act as his agent in hiring appellees.

{¶2}   Ms. Cordell paid appellees $2,500 on behalf of appellant.  On October 22, 2014, appellees filed the motion for judicial release.  By judgment entry filed November 13, 2014, the trial court denied the motion.

{¶3}   On June 29, 2015, appellees filed a second motion for judicial release in contravention of appellant's April 2015 request not to do so, as appellant believed the October motion misrepresented several key material facts.  On July 7, 2015, unaware that the second motion had been filed, appellant filed a pro se motion for judicial release.  By judgment entry filed July 27, 2015, the trial court denied both motions.

{¶4}   In September 2015, appellant sent a letter to appellees requesting the return of the $2,500.  Appellees denied the request.

{¶5}   On December 8, 2015, appellant filed a pro se complaint against appellees, claiming legal malpractice and fraud.  Each side filed motions for summary judgment.  By judgment entry filed April 21, 2016, the trial court granted appellees' motion for summary judgment and denied appellant's.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT NO "EXPERT AFFIDAVIT" WAS FILED WITH THE COURT ADDRESSING THE STANDARD OF CARE AND BREACH OF THAT STANDARD BY APPELLEES."

II

{¶8}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT PLAINTIFF-APPELLANT FAILED TO PLEAD THE CIRCUMSTANCES CONSTITUTING FRAUD."

III

{¶9}   "THE TRIAL COURT ERRED AS MATTER OF LAW IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56."

I, II, III

{¶10}   Appellant claims the trial court erred in granting summary judgment to appellees and in denying his motion for summary judgment.  Appellant claims appellees' errors were so obvious no expert affidavit was needed, and the trial court erred in finding he failed to plead with specificity the elements of fraud.  We disagree.

{¶11}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶13} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: "***a party

seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶14} In his December 8, 2015 complaint against appellees, appellant alleged legal malpractice and fraud. In his April 6, 2016 motion for summary judgment,

appellant argued the two motions for judicial release filed by appellees contained specific falsehoods:

[T]his is not a complicated land transaction or whether the motion for judicial release could have been better written or even a case of an outrageous fee.  It simply involves an attorney that for what ever reason filed not one, but two motions for judicial release that contain the exact same fraudulent information despite being instructed not to file a second motion for judicial release.  This case is not even an interpretation of law, as it would never benefit a client to lie to the sentencing judge about facts related to the sentence he imposed, nor would it ever be ethical for an attorney to to (sic) file a motion that contained fraudulent facts.  This is certainly a case that could be determined by this Court and is within the knowledge of a layperson.

{¶15}  Attached to the motion were the two motions for judicial release, one filed on October 22, 2014, and the second filed on June 29, 2015.  Appellant complains of the following identical information contained in each motion:

In support of this Motion for Judicial Release, the Defendant submits the following as evidence of his rehabilitation and motivation to become a productive member of society.  The offense was committed under circumstances unlikely to recur.  Prior to the offense, the Defendant

had never accepted responsibility and treatment for his actions. Since the Defendant's incarceration, he has made full use of the programs available to him in prison. In addition to Defendant's participation in the available programs, the Defendant has taken advantage of the opportunity to become employed through the prison and has held various job since he began his prison term.***

*** 

The Defendant shows genuine remorse for the offense. At sentencing he demonstrated his remorse for his actions. The Defendant realizes the gravity of his crime, and its impact not only upon himself, but his family, friends and society as a whole. He is greatly remorseful for his irresponsible and illegal behavior and has expressed the same to Counsel, the Court, and all involved.

{¶16} Also attached to the summary judgment motion was a letter appellant had sent to appellees prior to the motions being filed wherein appellant claimed his continued innocence and informed appellees of the following:

I have not been able to take any of what the State deems as rehabilitative classes. In 2008 I was told I did not need any class but could be placed on a waiting list. I sign up for the classes only to be told I have too much time and they put me on a waiting list. My case manager said she would get me into victim awareness before you file in October.

She has previously promised she get me in the same class for the last two years.

{¶17} In its April 21, 2016 judgment entry granting summary judgment to appellees, the trial court determined the following:

Defendant Meranda's affidavit asserts that he acted in accord with his duty to plaintiff and the requisite standard of care. Plaintiff failed to provide the Court with an affidavit from an expert addressing the standard of care and breach of that standard by the defendant. Further, even assuming plaintiff's assertion that defendant breached the duty of care, he has come forth with no evidence that the alleged breach was the proximate cause of any damages. Thus, defendants are entitled to judgment on this claim.

Plaintiff's second claim is for fraud. This claim fails to meet the requirements of Civ.R. 9(B) as plaintiff has not pleaded the circumstances constituting fraud with any particularity in the complaint. Plaintiff asserts in various pleadings that defendants made fraudulent statements in the motions filed with the Guernsey County Court of Common Pleas. Plaintiff does not allege, however, that defendants committed a fraudulent act against him. Plaintiff, according to his own allegations, was aware that the alleged fraudulent statements made to the Court were false. Therefore,

he could not have justifiably relied upon them to his detriment. Accordingly, defendants are entitled to judgment on this claim.

{¶18} In his December 8, 2015 complaint, appellant's first cause of action was for legal malpractice. To prevail on a legal malpractice claim, appellant must prove: "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall,* 77 Ohio St.3d 421, 1997-Ohio-259, syllabus. "In all but a few cases, expert testimony is required to support allegations of legal malpractice." *Brunstetter v. Keating,* 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶ 16. As explained by our brethren from the Eleventh District in *Passerall v. Cordell,* 11th Dist. Ashtabula No. 2014-A-0050, 2015-Ohio-1767, ¶ 28:

"The merits of the malpractice action often depend on the merits of the underlying case when proximate cause is an issue. As such, a plaintiff in a legal malpractice action may be required to demonstrate the merits of the underlying claim. *Eastminster Presbytery v. Stark & Knoll,* 9th Dist. No. 25623, 2012-Ohio-900, ¶ 6, citing *Vahila* at 427-428. Although the Ohio Supreme Court has held that the 'case-within-a-case' doctrine does not apply to every legal malpractice case, *Vahila* at 428, it remains relevant in cases where 'the theory of the malpractice case places the merits of the underlying litigation directly at issue.' *Eastminster* at ¶ 7,

quoting *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.,* 119 Ohio St.3d 209, 2008-Ohio-3833,\*\*\*¶ 18.  In order to prove causation in these cases, the plaintiff must prove that but for the attorney's negligence, the plaintiff would have obtained a better outcome in the underlying case.  *Eastminster* at ¶ 7, citing *Environmental Network* at ¶ 18. In this way, '[a]ll the issues that would have been litigated in the previous action are litigated between the plaintiff and the plaintiffs former lawyer, with the latter taking the place and bearing the burdens that properly would have fallen on the defendant in the original action.  Similarly, the plaintiff bears the burden the plaintiff would have borne in the original trial(.)  *Id.,* quoting Restatement of the Law 3d, Law Governing Lawyers 390, Section 53, Comment b (2000).' "  (Parallel citation omitted.)  *C & K Indus. Servs. v. McIntyre, Kahn & Kruse Co., L.P.A.,* 8th Dist. Cuyahoga No. 98096, 2012-Ohio-5177, ¶ 16.

{¶19} In their February 4, 2016 motion for summary judgment, appellees included the affidavit of appellee Zachuary Meranda, Esq., who averred the following in part:

7. In preparation for the Motions for Judicial Release, I talked to members of his family in order to obtain a factual basis for asserting that Mr. Bates should be entitled to judicial release.

8. In my representation of Mr. Bates, including the preparation and filing of the two Motions for Judicial Release, I did not fall below the standard of care for an attorney handling such matters and there was nothing that I did or did not do that resulted in the continued incarceration of Mr. Bates.

9. In my Motions for Judicial Release, I represented to the court that Mr. Bates would be employed if he were released and that he would never engage in such conduct again and that he was remorseful for what he had done.

{¶20} Under the standard that the trial court is to resolve all factual issues in a light most favorable to the non-moving party, we accept as true that appellant has no remorse for the actions that caused his convictions. However, by his own admission, he sought help from programs during his incarceration, but was denied access. Therefore, the claim of participating in programs is both true and misleading at the same time.

{¶21} Notwithstanding, the trial court decided the issue of legal malpractice on a lack of proximate cause. In other words, there is nothing in the record to establish that these two inaccuracies were the reason why the motions for judicial release were denied. Without a link of causation between the claimed inaccuracies in the motions and the denials of the motions, there is no proof of legal malpractice. Appellant argues it is so obvious, an expert opinion or an affidavit was not necessary. We disagree. We find the res ipsa loquitur doctrine to be inapplicable sub judice. Without a causal link, appellant cannot survive appellees' motion for summary judgment.

{¶22} On the fraud claim, the trial court found it was not pled with specifically as required by Civ.R. 9(B) which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

{¶23} In his complaint under "COUNT TWO," appellant merely stated, "Defendant(s) violated Ohio Revised Code §2305.09 FRAUD." This does not satisfy the requirements of Civ.R. 9(B).

{¶24} Upon review, we find the trial court did not err in granting summary judgment to appellees and in denying appellant's motion for summary judgment.

{¶25} Assignments of Error I, II, and III are denied.

{¶26} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.


SGF/sg 823