[Cite as *Smith v. Law Office of Karen Oakley, L.L.C.*, 2023-Ohio-3819.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| SHAWN D. SMITH, JR. | : | |
| Appellant | : | C.A. No. 29809 |
| v. | : | Trial Court Case No. 2022 CV 00805 |
| LAW OFFICE OF KAREN OAKLEY, LLC, et al. | : | (Civil Appeal from Common Pleas Court) |
| Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 20, 2023

. . . . . . . . . . .

SHAWN D. SMITH, JR., Appellant, Pro Se

G. TODD HOFFPAUIR and GEORGE D. JONSON, Attorneys for Appellees

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Shawn D. Smith, Jr. appeals pro se from the trial court's entry of summary judgment against him on his legal-malpractice complaint against appellees Karen Oakley and the Law Office of Karen Oakley, LLC.

{¶ 2} Smith's complaint alleged legal malpractice based on attorney Oakley's handling of a federal petition for a writ of habeas corpus. On appeal, Smith contends the

trial court erred in entering summary judgment against him where Oakley's filing of the petition beyond the statute of limitations and other deficiencies, including failure to object to a federal magistrate's report and recommendation, were so plainly prejudicial that he did not need expert testimony to prove malpractice.

{¶ 3} We see no error in the trial court's entry of summary judgment. Even assuming, arguendo, that Oakley provided deficient representation by filing an untimely petition and in other ways, Smith was not prejudiced because the substantive claims in his petition for a writ of habeas corpus lacked merit. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Smith received a sentence of 37 years to life in prison in 2017 for murder and related crimes. On direct appeal to this court, he raised an issue under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). He also challenged the trial court's exclusion of evidence about the victim's reputation for violence as well as its admission of other-acts evidence involving him. We rejected each argument and affirmed in *State v. Smith*, 2d Dist. Montgomery No. 27585, 2018-Ohio-2567. We subsequently affirmed the trial court's dismissal of a post-conviction-relief petition in *State v. Smith*, 2d Dist. Montgomery No. 28127, 2019-Ohio-4483.

{¶ 5} Smith then filed a petition for a writ of habeas corpus in federal court on December 28, 2020. As grounds for relief, he raised the same arguments that we had rejected on direct appeal. In a February 1, 2021 report and recommendation, a federal magistrate found Smith's petition barred by the applicable statute of limitations and

recommended dismissal. Nevertheless, the magistrate also addressed the merits of Smith's arguments. The magistrate concluded that our rejection of the *Batson* argument on direct appeal was a reasonable application of *Batson* and its progeny. With regard to the exclusion of evidence about the victim's reputation, the magistrate found the issue procedurally defaulted because Smith had raised it on appeal as an evidentiary question rather than a constitutional one. Even setting aside the default, the magistrate concluded that the issue lacked merit in the absence of clearly established U.S. Supreme Court authority holding that exclusion of such evidence violated federal due process. Finally, with regard to other-acts evidence involving Smith, the magistrate found the issue procedurally defaulted in multiple ways. Once again, the magistrate also rejected Smith's argument on the merits in the absence of clearly established U.S. Supreme Court precedent requiring exclusion of the evidence. Smith filed no objections to the magistrate's report and recommendation, which a federal district court judge adopted on February 26, 2021.

{¶ 6} On February 24, 2022, Smith filed a legal-malpractice complaint against Oakley and her law office based on her handling of his habeas petition. The complaint included causes of action for malpractice, unjust enrichment, and breach of contract. The trial court dismissed the claims for unjust enrichment and breach of contract under Civ.R. 12(B)(6) because they restated the malpractice claim. Oakley and her law firm then moved for summary judgment on the malpractice claim. The motion was supported with affidavits from Oakley and attorney Keith E. Golden, who opined about Oakley's performance in handling the habeas petition. Following briefing, the trial court sustained

the motion on May 2, 2023, reasoning in part:

> Plaintiff has failed to file any Civ.R. 56 evidence in opposition to Defendant's Motion for Summary Judgment. Plaintiff asserts that no expert evidence is needed because the legal malpractice of untimely filing the Petition is clear. The U.S. Dist. Court for the Southern District of Ohio, Western Division at Dayton, though, still addressed the merits of the Writ of Habeas Corpus despite any alleged untimely filing. Mr. Golden stated that Oakley acted as a reasonable attorney in all respects with regard to her representation of Mr. Smith in the habeas corpus petition proceeding and that Plaintiff did not proximately sustain any damages from Oakley's representation of him. Based on the uncontroverted evidence presented, the Court finds that Defendants are entitled to summary judgment as prayed for in their motion.

(Footnotes omitted.)

{¶ 7} This appeal followed.

## II. Analysis

{¶ 8} Smith presents the following two assignments of error:

I. THE COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS ON THE LEGAL MALPRACTICE CLAIM.

II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT CONSIDER A MATERIAL FACT BEFORE IT WHEN IT RESOLVED THE CASE BY ENTRY.

{¶ 9} In his first assignment of error, Smith contends the trial court erred in failing to recognize that he was not required to present expert testimony to prove legal malpractice. He maintains that no expert was required because Oakley's malpractice was so obvious that it could be determined by the trial court as a matter of law and that it was within the ordinary knowledge and experience of a layman.

{¶ 10} Smith cites four acts by Oakley that he claims obviously breached her duty of care and proximately caused him to suffer damage or harm. Those acts are (1) filing his habeas petition outside of the statute of limitations, (2) failing to inform him of the federal magistrate's report and recommendation, (3) failing to file objections to the report and recommendation, and (4) failing to inform him of the federal district court's adoption of the report and recommendation in time to appeal. According to Smith, each of these acts constituted obvious malpractice, rendering expert testimony on the issue unnecessary. He argues that Oakley's actions prevented him from fully pursuing habeas relief. He also asserts that he was not required to establish that he would have prevailed on his petition to establish damage or harm.

{¶ 11} Smith's second assignment of error repeats the arguments raised under the first assignment of error. While stressing Oakley's failure to file an objection to the magistrate's decision, he alleges that the same four acts constituted obvious legal malpractice without the need for him to present expert testimony to prove it.

{¶ 12} Under Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one

conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). Appellate review of summary judgment is de novo. *Gilliland v. Adams*, 2d Dist. Montgomery No. 29732, 2023-Ohio-3083, ¶ 24.

{¶ 13} To prevail on a legal malpractice claim, a plaintiff must prove that counsel owed him a duty, that counsel breached the duty and failed to conform to the standard required by law, and that there was a causal connection between counsel's conduct and resulting damage or loss. *Massie v. White*, 2d Dist. Miami No. 2018-CA-17, 2019-Ohio-811, ¶ 14.

{¶ 14} In their summary-judgment motion, Oakley and her law firm primarily relied on an affidavit from attorney Golden. He expressed his professional opinion about Oakley's representation of Smith, whether she met the applicable standard of care, and whether Smith proximately sustained any damage as a result of Oakley's actions. Golden was unable to form an opinion as to whether Oakley provided deficient representation regarding the untimeliness of the habeas petition. He opined that she acted as a reasonable attorney and met the standard of care, however, in raising the issues that she did. He also averred that Smith suffered no damage or harm from the petition's untimeliness given that the magistrate addressed Smith's arguments and rejected them on their merits.

{¶ 15} In a pro se memorandum opposing summary judgment, Smith presented no evidence at all. As he does on appeal, he argued that Oakley's challenged actions constituted obvious examples of legal malpractice and that he did not need to rely on

expert testimony to oppose summary judgment. He also asserted that Oakley's expert, attorney Golden, had failed to review his trial transcripts. In reply, Oakley and her law firm pointed out Smith's failure to present any competing evidence to demonstrate a genuine issue of material fact as to whether her performance proximately caused him any harm. The trial court entered summary judgment against Smith, finding no genuine issue of material fact for trial.

{¶ 16} Upon review, we see no error in the trial court's ruling. For purposes of our analysis, we will assume arguendo that Oakley breached a duty or obligation to Smith in the ways he mentions by (1) filing his habeas petition outside of the statute of limitations, (2) failing to inform him of the federal magistrate's report and recommendation, (3) failing to file objections to the report and recommendation, and (4) failing to inform him of the federal district court's adoption of the report and recommendation. We also will accept arguendo that Smith was not required to present evidence from a legal expert to avoid summary judgment. In its ruling, the trial court noted Smith's failure to submit any Civ.R. 56 evidence, expert or otherwise, without stating that expert testimony necessarily was required or that Smith's lack of an affidavit from an expert was the basis for its ruling.

{¶ 17} The primary impetus behind the trial court's summary judgment decision appears to have been the absence of a genuine issue of material fact as to whether Oakley's performance proximately caused Smith any harm. Although Oakley filed an untimely petition, the trial court noted that the federal magistrate nevertheless had addressed and rejected Smith's habeas claims on their merits. Those were the same claims that we had rejected on direct appeal. We see no genuine issue of material fact

as to whether Smith might have prevailed on his habeas claims if only Oakley had filed the petition sooner. Nor did Oakley's failure to inform Smith of the magistrate's report and recommendation, failure to file objections to the report and recommendation, or failure to inform him of the federal district court's adoption of the report and recommendation proximately cause any harm. Again, we see no genuine issue of material fact as to whether Smith might have prevailed on his habeas petition if only Oakley had done these other things. The reason is that none of these actions by Oakley would have had any bearing on the merits of Smith's habeas claims.

{¶ 18} On appeal, Smith insists he was not required to show M his habeas claims would have succeeded to prove legal malpractice. This argument implicates the "some-evidence" and "case-within-a-case" causation standards applicable to legal-malpractice claims. The some-evidence standard applies where a plaintiff has suffered damage or loss regardless of whether he would have been successful in the underlying matter. *Massie,* 2d Dist. Miami No. 2018-CA-17, 2019-Ohio-811, at ¶ 21, quoting *McCarty v. Pedraza*, 2014-Ohio-3262, 17 N.E.3d 71, ¶ 17-18 (2d Dist.), citing *Vahila v. Hall*, 77 Ohio St.3d 421, 427, 674 N.E.2d 1164 (1997). In such a case, a malpractice plaintiff need only present "some evidence" on the merits of the underlying claim. *Id.* The case-within-a-case standard applies where the malpractice theory places the merits of the underlying litigation directly at issue. *Id.* In such a case, a malpractice plaintiff must show that he would have been successful in the underlying litigation but for the alleged malpractice. *Id.*, quoting *McCarty* at ¶ 17-18, citing *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173, ¶ 17-19. Absent

such a showing, causation and damages cannot be proven. *Id.*

**{¶ 19}** Here Smith's malpractice claim was premised on Oakley (1) filing his habeas petition outside of the statute of limitations, (2) failing to inform him of the federal magistrate's report and recommendation, (3) failing to file objections to the report and recommendation, and (4) failing to inform him of the federal district court's adoption of the report and recommendation. For purposes of legal malpractice, these alleged shortcomings mattered only if at least one of Smith's habeas claims was meritorious. Therefore, the case-within-a-case standard applied, and Smith was required to prove that he would have been successful but for Oakley's actions. Unfortunately for Smith, his habeas claims lacked merit without regard to Oakley's challenged conduct. That being so, the trial court correctly found no genuine issue of material fact as to whether Oakley's performance proximately caused Smith any harm.

**{¶ 20}** Finally, Smith alleges that attorney Golden failed to review his trial transcripts. Assuming arguendo that this assertion is true, it fails to persuade us that the trial court erred in entering summary judgment. Smith's legal-malpractice claim is not that better habeas issues existed and that Oakley provided deficient representation by not finding them. Nor has Smith cited any meritorious substantive issue reflected in his trial transcripts that Golden failed to notice. Regardless of the extent of Golden's review of the record, the fact remains that this court rejected the merits of the issues Smith raised on direct appeal, and the federal magistrate did the same when reviewing those substantive issues in the habeas petition. According to his affidavit, Golden also conducted his own review of the "Docket Reports, Pleadings and Judgments" in Smith's trial-court case, his

direct appeal, and his habeas case in federal court. Based on that review, Golden concluded that Smith "did not proximately sustain any damages from Attorney Oakley's representation of him." Smith presented no evidence to the contrary, and we see no genuine issue of material fact for trial.

{¶ 21} Based on the reasoning set forth above, Smith's two assignments of error are overruled.

### III. Conclusion

{¶ 22} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and HUFFMAN, J., concur.