[Cite as *White v. Salem*, 2023-Ohio-3839.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

PATRICIA WHITE,

       Plaintiff-Appellant,

    - vs -

JOHN SALEM, et al.,

       Defendants-Appellees.

**CASE NO. 2023-L-065**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 000867

# O P I N I O N

Decided: October 23, 2023
Judgment: Affirmed

*Patricia White,* pro se, 13500 Shaker Boulevard, Suite 403, Cleveland, OH 44120 (Plaintiff-Appellant).

*John S. Salem*, pro se, and on behalf of Denman & Lerner Co., LPA, 8039 Broadmoor Road, Suite 1490, Mentor, OH 44060 (For Defendants-Appellees).


ROBERT J. PATTON, J.

{¶1}  Plaintiff-appellant, Patricia White ("White"), appeals the May 26, 2023 Judgment Entry of the Lake County Court of Common Pleas which granted summary judgment in favor of defendants-appellees, John Salem ("Salem") and Denman & Lerner Co., LPA, on White's claims and on appellees' counterclaims.[1] For the following reasons, we affirm.

---

1. The underlying case was a refiling of Case No. 2019 CV 1567 wherein appellant filed suit against Salem and Denman & Lerner Co., LPA. The refiled complaint did not name the law firm of Denman & Lerner Co., LPA as a defendant. However, a counter claim on behalf of Denman & Lerner Co., LPA was filed as part of Salem's Answer to the refiled complaint (Case No. 21 CV 000867).  In this opinion, we will refer to the Salem and Denman & Lerner Co., LPA collectively as defendants-appellees.

**{¶2}** On July 19, 2021, White filed her complaint alleging professional negligence against appellees for professional malpractice and breach of fiduciary duty with respect to Salem's representation of White in litigation in Ashtabula and Lake counties. Those cases involved a trust wherein White and her siblings were named beneficiaries.[2] Appellees filed their answer and counterclaim on August 20, 2021. The counterclaim sought payment in the amount of $3,610.11, the balance owed for legal services rendered.

**{¶3}** On September 15, 2022, the trial court granted appellees' initial summary judgment on White's claims for professional malpractice and breach of fiduciary duty; however, the court below denied appellees' initial motion for summary judgment as to White's claim that she was owed a refund in the amount of $10,000.00. The court noted that Salem did not address that claim in the motion for summary judgment or in the accompanying affidavit.

**{¶4}** Appellees sought leave to file a supplemental motion for summary judgment on the remaining issues: White's claim for the return of $10,000.00 for breach of fiduciary duty, and appellees' counterclaims. White filed a motion for reconsideration of the trial court's September 15, 2022, judgment entry and a response in opposition to appellees' supplemental motion for summary judgment.[3]

**{¶5}** On May 26, 2023, the trial court denied White's motion for reconsideration and granted summary judgment in favor of appellees on White's remaining claims and on

---

2. This case is a refiling of Case No. 2019 CV 1567 which was voluntarily dismissed pursuant to Civ. R. 41(A).
3. White also sought the disqualification of Judge Condon which was denied by the Supreme Court of Ohio on November 3, 2022.

Case No. 2023-L-065

the counterclaims. The trial court awarded appellees $3,610.11 together with 5% per annum interest from May 26, 2023. It is from this entry that appellant now appeals.

{¶6} On appeal, White raises six assignments of error in her pro se brief. The assignments of error presented by appellant have been abbreviated for purposes of this opinion as follows:[4]

{¶7} [1] "The trial court committed prejudicial error when I was not given the opportunity to plead my case in front of Judge Condon. * * * "

{¶8} [2] "The trial court committed prejudicial error in not granting the return of the funds from Patricia White's $20,167.89 deathbed Morgan Stanley IRA distribution check that Mr. Salem cashed in and out of his company's IOLTA account in October 2014.* * * "

{¶9} [3] "The trial court committed prejudicial error when it ruled that Mr. Salem had provided proof of legal liability insurance and his IOLTA records for the Morgan Stanley check."

{¶10} [4] "The trial court committed prejudicial error in not finding Mr. Salem is responsible for the damages resulting from his signing a settlement agreement without my knowledge and consent."

{¶11} [5] "The trial court committed prejudicial error when it did not hold Mr. Salem in contempt for filing knowingly false sworn affidavits.* * * "

{¶12} [6] "The trial court committed prejudicial error in granting defendant-appellee, John Salem's, motion for summary judgment, Ohio Civ.R. 56, based upon the

---

4. Arguments raised by appellant in her assignments of error will be addressed in the body of the opinion.

3

Court's belief that Mr. Salem had complied with its Court's order to produce his IOLTA records and his proof of legal malpractice liability coverage."

{¶13} All of the above claims arise from the trial court's decision on summary judgment.

{¶14} The court will review an entry of summary judgment by a lower court de novo, "i.e., 'independently and without deference to the trial court's determination.'" *Superior Waterproofing, Inc. v. Karnofel*, 11th Dist. Trumbull No. 2017-T-0010, 2017-Ohio-7966, ¶ 19, quoting *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) and citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶15} Civ.R. 56, which governs summary judgment proceedings, provides, in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶16} The party seeking summary judgment has the initial burden to set forth specific facts demonstrating that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Once this burden is met, the burden shifts to the nonmoving party

4

to establish that a genuine issue of material fact exists. *Id.* Not every factual dispute will preclude summary judgement. "Only disputes as to the material facts, those that may affect the outcome" will preclude summary judgment. *Found. Medici v. Butler Inst. of Am. Art*, 11th Dist. Trumbull No. 2020-T-0042, 2022-Ohio-2923, ¶ 19, citing *Bender v. Logan*, 2016-Ohio-5317, 76 N.E.3d 336, ¶ 49 (4th Dist.), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶17}** In her first assignment of error, White alleges that the trial court erred by denying her any opportunity to plead her case as she never appeared before Judge Condon.

**{¶18}** "'Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try.' (Citation omitted.)" *Magby v. Sloan*, 11th Dist. Ashtabula No. 2020-A-0045, 2021-Ohio-3171, ¶ 18 quoting *Norris v. Ohio Standard Oil Co.,* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982). It is well established that a trial court is not required to schedule an oral hearing on every motion for summary judgment. *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 14. "The 'hearing' contemplated by Civ.R. 56(C) may be either a formal, oral hearing (in which the trial court entertains oral arguments from counsel on a scheduled date preceded by the parties' filings of memoranda and Civ.R. 56 evidentiary materials) or a 'nonoral,' informal one." (Citations omitted). *Id.* Here the trial court did not hold oral arguments on the motions, and it was not required to do so. Appellees filed their initial and supplemental motions for summary judgment and White had an opportunity to present her arguments through her responses in opposition which were filed on May 10, 2022, and October 21, 2022.

5

**{¶19}** The lack of an oral or formal hearing is not a denial of an opportunity to plead the case or to be heard. As such, White's first assignment of error is overruled.

### Morgan Stanley IRA distribution check

**{¶20}** In White's second and third assignments of error, White argues that the trial court erred when it did not order the return of the funds from the Morgan Stanley IRA distribution check. Specifically, that the trial court erred in determining that the funds were appropriately deposited into an IOLTA account until earned by Salem. We disagree.

**{¶21}** White cites Ohio Revised Code Section 2913.02, the criminal statute for theft, in her second assignment of error. There is no criminal case against Salem; therefore, any reliance upon the criminal code section is misplaced.

**{¶22}** In their motion for summary judgment, appellees provided several attachments, including three affidavits, in support as required by Civ. R. 56. In July 2014, White exchanged emails with Salem wherein the pair discussed Salem providing representation to White in the trust case. According to Salem's affidavit and the copy of his exchanges with White, White informed Salem she would be receiving the distribution check and asked Salem to "let her know what I need to do to sign over this money to retain your services to proceed." The following day, on July 18, 2014, Salem responded that if the check was directed "to my firm at your instruction that would be easiest. That way the 10,000 retainer would be covered and we could hold the remainder toward future case expenses or legal fees as necessary." White replied "I would prefer that * * *." It was White's intention to turn these funds over to Salem to deposit for the retainer fee with instructions to hold the surplus for later use as necessary. This is precisely what Salem did.

6

Case No. 2023-L-065

**{¶23}** According to the affidavits provided, the Morgan Stanley check was dated October 15, 2014. This check was deposited on October 20, 2014. According to Salem's affidavit, the records regarding the deposit of the check into the IOLTA account were no longer available because the check was deposited more than seven years ago.[5] White provided the trial court with no evidence, other than speculation, that the funds were deposited somewhere other than the firm's IOLTA account.

**{¶24}** Further, White also argues in her third assignment of error that the trial court erred when it concluded that Salem provided proof of legal liability insurance. Supporting affidavits submitted by appellees indicate that the firm and all its attorneys were covered by insurance prior to and throughout White's representation.

**{¶25}** In light of the forgoing, there exists no evidence in the record before us that Salem stole funds from White, or retained funds from the surplus which were not earned. It is clear from the submission of the accounting and billable hours by appellees, that appellees earned the entire amount of the Morgan Stanley disbursement check of $20,167.89 and were also entitled to an additional $3,610.11 for legal services rendered on White's behalf.

**{¶26}** As such, White's second and third assignments of error are without merit.

### Settlement Agreement in the Trust Case

**{¶27}** White's fourth and fifth assignments of error relate to the settlement of the trust case. Specifically, she alleges that the settlement was accepted without her consent.

---

5. The court would note in the affidavits of Salem and Michael J. Lerner, attached to appellees motion for summary judgment, the date of the check incorrectly references 2022. The attached copy of the front of the check confirms the check was written out in 2014. This typographical error is of no consequence.

7

Case No. 2023-L-065

She further contends that the affidavits submitted by appellees, which indicate that settlement was discussed with her, are false.

**{¶28}** White filed her complaint alleging professional malpractice and breach of fiduciary duty against appellees regarding their legal representation of White in the unrelated trust litigation. The actions specifically at issue are Salem's deposit of the Morgan Stanley distribution check and Salem's settlement of the trust case.

**{¶29}** "In Ohio, a claim against an attorney acting in his professional capacity is a malpractice claim. Ohio does not recognize an independent claim for breach of fiduciary duty against an attorney acting in his capacity as attorney and counselor." *Omega Riggers & Erectors, Inc. v. Koverman*, 2d Dist. Montgomery, 2016-Ohio-2961, 65 N.E.3d 210, ¶ 32. It is undisputed that Salem was representing White in the trust case and was acting in his capacity as her attorney. Therefore, her claims are properly categorized as legal malpractice claims.

**{¶30}** "[T]he Ohio Supreme Court has held that '[t]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.'" *Garland v. Simon-Seymour*, 11th Dist. Geauga No. 2009-G-2897, 2009-Ohio-5762, 2009 WL 3526483, ¶ 47, quoting *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), syllabus. *See, e.g.*, *Passerell v. Cordell*, 11th Dist. Ashtabula No. 2014-A-0050, 2015-Ohio-1767, ¶ 26.

8

{¶31} As this Court recognized in *Cordell*, "'[t]he merits of the malpractice action often depend on the merits of the underlying case when proximate cause is an issue. As such, a plaintiff in a legal malpractice action may be required to demonstrate the merits of the underlying claim.'" *Id.*, at ¶ 28, citing *Eastminster Presbytery v. Stark & Knoll*, 9th Dist. No. 25623, 2012-Ohio-900, ¶ 6, citing *Vahila* at 427-428.

{¶32} The "case-within-a-case" doctrine does not apply to every legal malpractice case; however, "it remains relevant in cases where 'the theory of the malpractice case places the merits of the underlying litigation directly at issue.' *Eastminster* at ¶ 7, quoting *Environmental Network Corp. v. Goodman Weiss Miller*, *L.L.P.*, 119 Ohio St.3d 209, 2008–Ohio–3833, * * * ¶ 18." *Cordell*, 2015-Ohio-1767, at ¶ 28. "In order to prove causation in these cases, the plaintiff must prove that but for the attorney's negligence, the plaintiff would have obtained a better outcome in the underlying case." *Id.,* citing *Eastminster* at ¶ 7, citing *Environmental Network* at ¶ 18. "Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim." *Hinton v. Masek*, 11th Dist. Trumbull No. 2013-T-0110, 2014-Ohio-2890, ¶ 14.

{¶33} Additionally, "[s]ummary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is 'neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" *Id.,* at ¶ 15, citing *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶ 16, quoting *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203 (1st Dist.1983). This Court has previously recognized that expert testimony is required to support allegations of legal malpractice, "in all but a few cases." *Masek* at ¶ 15, citing *Brunstetter*, *supra.*

9

{¶34} White argues in these assignments of error that Salem agreed to settle the underlying trust litigation without her consent. She further alleges that Salem filed false affidavits regarding the settlement conference and should have been held in contempt of court.

{¶35} It was undisputed that Salem, while engaged in representation of White, owed her a duty or obligation. However, it is disputed whether Salem breached that duty regarding the settlement of the underlying litigation. The trial court recognized that a factual dispute existed as to whether White agreed to the settlement.

{¶36} Assuming Salem did not obtain her permission to settle and White could establish he breached his duty or obligation, White would also need to satisfy the third element of her claim "that there is a causal connection between the conduct complained of and the resulting damage or loss." White alleges that by agreeing to the settlement on her behalf, Salem cost her "more than $50,000.00 of her inheritance."

{¶37} As the trial court recognized, an expert is needed to explain the requirements for litigation had the case gone forward and how White could have benefitted more from trial versus the settlement that was negotiated. In light of the evidence submitted by Salem, this court concludes that Salem did not breach his duty or obligation to White. Without expert testimony, White cannot establish that she would have benefitted more from trial versus the settlement that was negotiated by Salem and several other attorneys.

{¶38} Also contained in these assignments of error, White asserts that the trial court should have held appellees in contempt for filing false affidavits. "'[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's

10

judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *Babcock v. Albrecht*, 11th Dist. Lake No. 2010-L-150, 2012-Ohio-1129, ¶ 16, cause dismissed, 131 Ohio St.3d 1549, 2012-Ohio-2226, 967 N.E.2d 761, ¶ 16, citing *Warren v. Warner Realty*, 11th Dist. No. 98–T–0117, 1999 Ohio App. LEXIS 4976, *5, 1999 WL 1073611 (Oct. 22, 1999), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. White did not seek to hold Salem in contempt. Moreover, she submitted separate affidavits regarding the settlement conference or lack thereof. As White did not seek such relief from the trial court, she has waived the right to raise that error on appeal. *Warren, supra*.

{¶39} For the above reasons, her fourth and fifth assignments of error are without merit and are overruled.

{¶40} In White's sixth and final assignment of error, White alleges that the trial court erred when it granted summary judgment in favor of appellees "based upon the Court's belief that [Salem] had complied with its * * * order to produce his IOLTA records and his proof of legal malpractice coverage."

{¶41} As discussed above, the record before us is clear that Salem had malpractice insurance during the period of White's representation. Further, the records support the appellees' position that the funds were deposited in the firm's IOLTA account as is standard practice. Those funds plus $3,610.11 were earned by Salem for work completed during White's representation. Furthermore, without expert testimony to establish White would have obtained a better outcome in the underlying case but for Salem's negligence, White cannot succeed on her claim.

11

Case No. 2023-L-065

{¶42} Thus, the trial court did not err when it concluded in accordance with Civ. R. 56, that no genuine issues of material fact remained, and summary judgment was appropriate. White's sixth assignment of error is overruled.

{¶43} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.